FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION         2009 DEC 21 P 2: 39

                                              CLERK, US DISTRICT COURT

JEREMY A. KESPOHL

      Plaintiff,                       Case No.:

vs.                                          3:09-cv-1254-J-12 HTS

ALLIED INTERSTATE INC.,
a Foreign corporation,

and

CAPITAL ONE
FINANCIAL CORPORATION,
A Foreign corporation

      Defendants.
_____/

## COMPLAINT AND JURY DEMAND

JEREMY A. KESPOHL ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants ALLIED INTERSTATE INC., ("Allied Interstate") and CAPITAL ONE FINANCIAL CORPORATION ("Capital One") and alleges as follows:

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff also alleges a state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331,1337 and 15 U.S.C. § 1692k

## PARTIES

3. Plaintiff, JEREMY A. KESPOHL, is a natural person, and citizen of the state of Florida residing in Duval County, Florida.

4. Defendant, Allied Interstate, Inc., is a foreign Corporation with its principal place of business at 435 Ford Road, 800 Interchange West, Minneapolis, MN 55426.

5. Defendant, Capital One is a foreign corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

6. Allied Interstate regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Allied Interstate regularly collects or attempts to collect debts for other parties.

8. Allied Interstate is a "debt collector" as defined in the FDCPA.

9. Allied Interstate was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Allied Interstate performs debt collection of debts owed to Defendant Capital One.

11. Both Defendants regularly do business in the state of Florida.

## FACTUAL ALLEGATIONS

12. Allied Interstate sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. Said debt was incurred through use of a Capital One Credit Card.

14. Allied Interstate was attempting to collect the alleged debt on behalf of Capital One.

15. Allied Interstate was Capital One's agent for purposes of debt collection.

16. On or about November 16, 2009 Plaintiff contacted Allied Interstate regarding satisfying the debt incurred through use of the Capital One Credit Card.

17. An Allied Interstate representative offered to settle the outstanding debt for $900.00.

18. Plaintiff accepted the offer and payment of $900 was tendered on or about November 16, 2009.

19. In the days following the payment, Allied Interstate continued to call Plaintiff on his cellular phone between two and four times a day.

20. On at least two occasions following Plaintiff's payment, Plaintiff received calls from Allied Interstate wherein Plaintiff notified Allied Interstate that he had already satisfied the debt and to cease calling Plaintiff.

21. On multiple occasions after Plaintiff made the aforementioned payment to Allied Interstate, Plaintiff received calls from Allied Interstate and when Plaintiff attempted to answer, the caller hung up the phone without identifying himself.

22. Based upon information and belief, Allied Interstate knew it was required to disclose its name, that it is a debt collector and the purpose of its communication to Plaintiff.

23. Based upon information and belief, Allied Interstate uses an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four yeas of the filing of this complaint.

24. Plaintiff did not expressly consent to Allied Interstate's telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Allied Interstate's placement of the calls.

25. None of Allied Interstate's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

26. As of the date of this complaint Allied Interstate calls Plaintiff's cell phone between two and four times a day.

27. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
## AGAINST ALLIED INTERSTATE

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Allied Interstate failed to disclose to Plaintiff that it was a debt collector in violation of 16 U.S.C. § 1692e (11).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Allied Interstate for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## AGAINST ALLIED INTERSTATE

30. Plaintiff incorporates Paragraphs 1 through 27.

31. Allied Interstate placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Allied Interstate's communication in violation of 15 U.S.C. § 1692d(6).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Allied Interstate for:

4

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

**COUNT III**
**HARASSMENT IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST ALLIED INTERSTATE AND CAPITAL ONE**

32. Plaintiff incorporates Paragraphs 1 through 27.

33. Allied Interstate was attempting to collect a debt related to a Capital One credit card for the benefit of Capital One.

34. Allied Interstate made attempts to collect a debt which Plaintiff had already paid.

35. Allied Interstate continued to attempt to contact Plaintiff after several requests that it cease doing so.

36. Allied Interstate failing to disclose its name, that it is a debt collector and the purpose of its communications

37. Allied Interstate used an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone which Plaintiff had not consented to.

38. Allied Interstate willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Allied Interstate and Capital One for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

  c.  Such other or further relief as the Court deems proper.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION
## AGAINST ALLIED INTERSTATE AND CAPITAL ONE

39. Plaintiff incorporates Paragraphs 1 through 27.

40. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

41. Allied Interstate intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

42. Allied Interstate was attempting to collect a debt related to a Capital One credit card for the benefit of Capital One.

43. Allied Interstate intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

44. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

6

45. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Allied Interstate and Capital One for:

    a. Damages;

    b. Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## AGAINST ALLIED INTERSTATE AND CAPITAL ONE

46. Plaintiff incorporates Paragraphs 1 through 27.

47. Allied Interstate placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227 (B)(1)(a)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants Allied Interstate and Capital One for:

    a. Damages;

    b. Such other or further relief as the Court deems proper.

## COUNT VI
## DECLARATORY AND INJUNCTIVE RELIEF
## AGAINST ALLIED INTERSTATE AND CAPITAL ONE

48. Plaintiff incorporates Paragraphs 1 through 27.

49. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaration that Allied Interstate's practices are in violation of the TCPA and the FCCPA.

50. Pursuant to 47 U.S.C. § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Allied Interstate or any other agent or assign of Capital One from placing non-

emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or pre-recorded or artificial voice without that Person's prior express consent.

51. Plaintiff seeks a permanent injunction prohibiting Defendants from engaging in collection actions in violation of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. declaring that Defendants' practices violate the TCPA and the FCCPA;

b. permanently injoining Defendants from engaging in the violative practices; and

c. Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

BROMAGEN & RATHET, P.A.

BROOKS C. RATHET
Florida Bar No. 0077658
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jacksonville Beach, FL  32250-5847
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Brooks.Rathet@Bromagenlaw.com